IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| STEPHANIE PINKARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby removes the above-styled civil action to the United States District Court for the Northern District of Alabama, Northwestern Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453. Wal-Mart states as follows as its grounds for removal:

**I.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

1.     On July 26, 2012, plaintiff filed this civil action styled <u>Stephanie Pinkard, on behalf of herself and all other similarly situated, v. Wal-Mart Stores, Inc.</u>, Case No. CV-12-106, in the Circuit Court of Franklin County, Alabama. Wal-Mart was served with a copy of the summons and complaint on August 7, 2012.

2.     This is a civil action within the meaning of the Acts of Congress relating to the removal of civil actions, 28 U.S.C. §§ 1441, *et seq.*

3. Removal is timely as this notice of removal is being filed within 30 days after Wal-Mart was served with the complaint. 28 U.S.C. § 1446(b); see also Murphy Bros v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) (if the complaint is filed before the summons is served, the 30-day removal period begins to run from the date of service).

4. No proceedings have occurred in the Circuit Court of Franklin County, Alabama, as of the date of this notice of removal. Wal-Mart has not answered or moved in response to the complaint. Wal-Mart hereby reserves any and all rights to assert any and all defenses and/or objections to the complaint.

5. Venue for this civil action lies in the United States District Court for the Northern District of Alabama, Northwestern Division because this district and division embrace Franklin County, Alabama, where the civil action was pending. 28 U.S.C. § 1441(a); see also 28 U.S.C. § 81(a)(1).

6. Pursuant to 28 U.S.C. § 1446(a), copies of the docket sheet and all process, pleadings, orders, and other documents from the state court's file are attached hereto as Exhibit A.

7. Pursuant to 28 U.S.C. § 1446(d), copies of this notice of removal are being served upon plaintiff and filed with the clerk of the Circuit Court of Franklin County, Alabama.

## II.   THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS ACTION.

8.   Plaintiff's complaint states a single claim for relief pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  The Supreme Court recently held in Mims v. Arrow Financial Services, LLC, ___ U.S. ___, 132 S. Ct. 740 (Jan. 18, 2012), that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA." Id. at 745.  In doing so, the Court overruled Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287 (11th Cir. 1998), in which the Eleventh Circuit held that the TCPA granted state courts exclusive jurisdiction over private actions under the Act.  See Balthazor v. Central Credit Servs., Inc., No. 11-15513, 2012 WL 1382272, at *1 (11th Cir. April 23, 2012) ("Because the appellees confess error in this case due to the fact that the United States Supreme Court in Mims […] now provides that federal courts have concurrent federal question jurisdiction over private suits arising under the TCPA, we reverse the judgment of dismissal of Balthazor's TCPA claim against Central Credit Services, Inc., and remand this case for further proceedings consistent with this opinion.").

9.   Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and it is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).  See Wisc. Dept. of Corrections v. Schacht, 524 U.S. 381, 386 (1998) ("We have suggested that the presence of even one claim 'arising

3

under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal."); see also Mims, __ U.S. __, 132 S. Ct at 753 (analyzing number of TCPA cases removed to federal court in the Seventh Circuit after it held, in October 2005, that TCPA does not confer exclusive jurisdiction on state courts) & 753, n.15 ("When Congress wants to make federal claims instituted in state court nonremovable, it just says that."); Whatley v. Creditwatch Services, Ltd., No. 4:11CV493, 2012 WL 2885640, at *1 (E.D. Tex. July 13, 2012) (holding, based on Mims, that court had jurisdiction over TCPA case); Bailey v. SLM Corp., Case No. 5:11-cv-00715, 2012 WL 1598059, at *4-5 (S.D.W.Va. May 7, 2012) (holding, based on Mims, that TCPA case filed in state court was removable under federal question jurisdiction and denying motion to remand); Shupe v. JPMorgan Chase Bank of Arizona, Case No. No. CV 11–00501–TUC–RCC (BPV), 2012 WL 1344820, at *2 (D. Ariz. March 14, 2012) (same), *adopted* 2012 WL 1344786, at *1 (Apr 18, 2012); Heller v. HRB Tax Group, Inc., No. 4:11CV1121 TIA, 2012 WL 163843, at *1 (E.D. Mo. Jan. 19, 2012) (same).

### III.   REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT.

10.   The first paragraph of the complaint declares:  "This is a statewide class action pursuant to Rule 23 of the Alabama Rules of Civil Procedure . . . ."

4

(Compl. at 1.)  Accordingly, it is a "class action" pursuant to 28 U.S.C. § 1332(d)(1)(B).

11.  For the reasons set forth below, this Court has original jurisdiction over this action, and it may be removed to this Court, pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").  See U.S.C. 28 U.S.C. §§ 1332(d), 1446, 1453(b).

### A. Minimal Diversity Is Satisfied.

12.  Plaintiff alleges that she "is an adult resident citizen of Franklin County, Alabama."  (Compl. ¶ 1.)  She seeks to represent a class comprised entirely of "Alabama residents."  (Id. ¶ 15.)

13.  According to the complaint, Wal-Mart "is a Delaware corporation with its principal office located in Bentonville, Arkansas."  (Id. ¶ 2.)  Wal-Mart, therefore, is a citizen of Delaware and Arkansas.  Accordingly, the diversity requirement is satisfied.  28 U.S.C. § 1332(d)(2)(A).

### B. The Proposed Class Numbers 100 or More.

14.  Plaintiff alleges that she received a text message on her phone from a Wal-Mart pharmacy and seeks to represent "[a]ll Alabama residents who have received text messages on their cell phones or mobile devices from Wal-Mart within the previous six years."  (Compl. ¶ 15.)  Based on records for its pharmacy text message notification program, text messages originating from Wal-Mart stores

5

in Alabama have been sent to more than 100 individuals in Alabama during the proposed class period.  (See Exh. B, Declaration of Staci Cochran, at ¶ 4.) Accordingly, the number of members of the proposed class is not less than 100.  28 U.S.C. § 1332(d)(5)(B).

      **C.**    **The Amount-In-Controversy Requirement Is Satisfied.**

15. Wal-Mart denies that plaintiff's proposed class can meet the requirements of FRCP 23.  However, based on the relief plaintiff seeks, both individually and on behalf of the alleged class, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."); see also Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006) ("To the contrary, the district court properly invoked the rule that where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.").

16. Plaintiff seeks statutory damages in the amount of $1,500.00 per text message that Wal-Mart allegedly sent to any Alabama resident at any time during

the last six years.  (See Compl. ¶¶ 15, 21.)[1]  Therefore, to achieve the $5,000,000 amount in controversy threshold, based on plaintiff's allegations, a minimum of 3,334 such texts would be necessary.  Based on records for its pharmacy text message notification program, more than 3,334 text messages originating from Wal-Mart stores in Alabama have been sent to Alabama phone numbers during the proposed class period.  (See Exh. B, Declaration of Staci Cochran, at ¶ 4.)

17.    Accordingly, the amount in controversy exceeds the jurisdictional threshold of $5,000,000 contained in 28 U.S.C. § 1332(d)(6).

## IV.    CONCLUSION

18.    For all of the reasons stated herein, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1332, and it is removable to this Court pursuant to §§ 1441, 1446 and 1453(b).

19.    Wal-Mart reserves the right to amend or supplement this notice of removal.

---

[1] Wal-Mart, of course, disputes that plaintiff would be entitled to statutory damages in this (or any) amount.  Nevertheless, given plaintiff's allegations, this amount of statutory damages is certainly "in controversy."  See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005) (noting that a removing defendant need not "confess liability in order to show that the controversy exceeds" the jurisdictional threshold).

                *s/ Wesley B. Gilchrist*
                One of the Attorneys for Defendant
                Wal-Mart Stores, Inc.

OF COUNSEL:

M. Christian King (KIN017) cking@lightfootlaw.com
Harlan I. Prater, IV (PRA004) hprater@lightfootlaw.com
Wesley B. Gilchrist (GIL066) wgilchrist@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

    I hereby certify that on September 6, 2012, a copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to:

        Jeffrey L. Bowling, Esq.  jeffbrbpc@bellsouth.net
        Bedford, Rogers & Bowling, P.C.
        303 North Jackson Street
        P.O. Box 669
        Russellville, Alabama  35653

        Steven W. Couch, Esq. stevec@hollis-wright.com
        Tyler C. Vail, Esq. tylerv@hollis-wright.com
        Hollis, Wright & Couch, P.C.
        505 North 20th Street
        Suite 1500
        Birmingham, AL 35203

                *s/ Wesley B. Gilchrist*
                Of Counsel